IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL VAN CASTER,

               Plaintiff,

v.

WISCONSIN DEPARTMENT OF NATURAL
RESOURCES,

               Defendant.

OPINION and ORDER

18-cv-1009-jdp

---

Plaintiff Michael Van Caster, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Van Caster brings this lawsuit under 42 U.S.C. § 1983, alleging that the Wisconsin Department of Natural Resources is involved in the Department of Corrections' failure to provide inmates at FLCI with clean water. Van Caster has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), as previously directed by the court.

The next step is for me to screen Van Caster's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read his pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). I conclude that, at present, Van Caster may not proceed on any claims. But I will give him a chance to respond to this order by addressing the issues that I discuss below.

Van Caster appears to have filed his complaint in response to my December 12, 2018 order dismissing his complaint in case no. 18-cv-845-jdp in part because he did not explain how his various claims all belonged together in one lawsuit. *See* Dkt. 8 in the '845 case.

Van Caster followed with an amended complaint mainly discussing prison officials' failure to provide him with adequate medical care for gastrointestinal problems, a kidney cyst, and blood in his urine. Dkt. 12 in the '845 case. And he filed this new lawsuit about the water quality at FLCI.

But Van Caster's water-quality claims do not comply with the Federal Rules of Civil Procedure. He names only the state Department of Natural Resources as a defendant, and he alleges only that it "is assisting" FLCI in providing unsafe water to inmates. Van Caster does not explain what the DNR or any of its officials actually did or failed to do with regard to the water quality at FLCI, which would be reason enough to dismiss the complaint. The DNR is also not a proper defendant here.

So Van Caster will need to provide a new complaint about the FLCI water. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Most importantly, he needs to explain what each defendant did to violate his rights. Van Caster either must name as defendants particular officials who were personally involved in providing unsafe water at FLCI, or he must explain how a state policy or custom created the problem. If Van Caster fails to file an amended complaint by the deadline set forth below, I will dismiss the case for his failure to state a claim upon which relief may be granted.

When I screened his original complaint, I took Van Caster to be alleging that his medical problems were caused by lead and magnesium in the water at FLCI. Now he has separated his medical-care claims from his water-quality claims, but I am unsure that it is necessary for him to do so. If he can explain why he believes that the water caused his medical problems, I would allow him to bring both sets of claims in the same lawsuit and he would not have to pay two filing fees. So if Van Caster would like to bring his medical-care and water-

quality claims together, he should submit a supplement to his complaint in the '845 case in which he explains how he knows that the water caused his medical problems. If Van Caster takes this option, he should make sure that his supplement complies with the other requirements of this order, which means that he must adequately explain what each defendant did to violate his rights.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Van Caster's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until January 23, 2019 to respond to this order as discussed in the opinion above.

Entered January 3, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge